# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1897.

## City of Watseka v. Lucy E. Smith.

1. APPEALS AND ERRORS—*Error Without Injury.*—Errors in the admission of evidence and in giving and refusing instructions will not always warrant a reversal of the judgment of the trial court, when upon a review of the whole evidence in the case it is manifest the finding of the jury was right and that, as in this case, the errors of the trial court were harmless to appellant.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897. Rehearing denied May 19, 1898.

CHARLES H. HARWOOD and C. G. HIRSCHL, attorneys for appellant; PAYSON & KESSLER, of counsel.

KAY & KAY, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant to recover for personal injuries sustained by her by twice falling on a wooden sidewalk, it being defective as alleged, and for the failure of appellant to use reasonable care to keep the same in a reasonably safe condition of repair. Appellee was first

(391)

injured in March and then in April, 1896. A trial by jury resulted in a verdict and judgment against appellant for. $500, from which it appeals to this court. The errors complained of are, that the court admitted improper evidence, gave improper, and refused proper instructions to the jury, and the verdict is against the weight of the evidence in the case.

It is insisted, after the first injury to the appellee she knew the bad condition of the walk, and should have used more care than was manifested by the evidence to avoid the second injury sustained by her.

The answer to this, however, is, that the evidence shows the attention of the city authorities was called to the defective condition of the walk just after the first injury to appellee, and they then attempted its repair, but owing to its rotten state, it was too weak to sustain repairs, and proved to be as unsafe as before; and it is fair to infer appellee was thus misled to her second injury.

Much complaint is made by counsel for appellant, of errors in the admission of evidence, and in giving and refusing instructions to the jury. We are satisfied improper evidence was admitted, and the court erred in giving and refusing instructions, and under ordinary conditions, such errors could not be ignored by an Appellate Court; but it has often been held that errors in those respects will not always warrant a reversal of the judgment of the trial court when upon a review of the whole evidence in the case it is manifest the finding of the jury was right, and such errors could not have induced an improper verdict.

In view of the known bad condition of the sidewalk in question, and the serious injury to appellee in consequence thereof, as we think well established by the evidence, we are of the opinion the verdict was right, and the errors in the particulars designated were not so far prejudicial to appellant, as to require a reversal of the judgment. Where it is clearly manifest, as in this case, the errors of the trial court were harmless to the appellant, the judgment should be affirmed, and it will be done accordingly.

Judgment affirmed.